UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. COOK, II, et al., | No. 2:25-cv-02361-DC-JDP (PS) |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER |
| NEWREZ LLC, et al., | |
| Defendants. | (Doc. No. 3) |

This matter is before the court on Plaintiffs' *pro se* motion for a temporary restraining order. (Doc. No. 3.) The court does not find it appropriate to set the motion for a hearing pursuant to Local Rule 231(c). For the reasons explained below, the court will deny Plaintiffs' motion.

**BACKGROUND**

On August 19, 2025, Plaintiffs Stephen D. Cook, II and Evergreen Fiduciary Trust filed this action against Defendants NewRez LLC; Deutsche Bank National Trust Company; Auction.com; Prestige Default Services, LLC; and Ghidotti Berger LLP alleging various claims arising out of a mortgage loan secured by Plaintiff Cook's real property located at 3042

/////
/////
/////
/////

1

1    Evergreen Drive, Farfield, California 94533 (the "Property").[1] (Doc. No. 1.)

2    On November 11, 2020, Defendant NewRez LLC issued the loan for the Property. (Doc.
3    No. 3 at 2.) Plaintiff Cook alleges he "tendered full satisfaction" of the loan to Defendant
4    NewRez LLC on June 16, 2023. (*Id.*) Plaintiff Cook further alleges that he "delivered a registered
5    negotiable remittance bond in the amount of $581,685.63" to Defendant Deutsche Bank National
6    Trust Company as satisfaction of the alleged mortgage debt on February 27, 2024. (Doc. No. 1 at
7    7.)

8    On March 21, 2025, Plaintiff Cook "sent a written demand for accounting and discharge
9    to Defendants," but "Defendants failed to respond." (*Id.*) Plaintiff Cook alleges that despite his
10   "lawful tender and written demand, Defendants continued foreclosure proceedings and advertised
11   the [P]roperty for public auction on August 20, 2025." (*Id.*) Specifically, Defendant Prestige
12   Default Services, LLC "acted as foreclosure trustee and caused publication of the foreclosure sale
13   notice" and Defendant Auction.com "advertised the pending foreclosure auction of [the Property]
14   to the public." (*Id.*)

15   On July 14, 2025, Defendant NewRez LLC "acknowledged Plaintiff's [written] demand
16   and stated it would investigate and 'hold' the foreclosure, but Defendants did not cancel the
17   scheduled sale." (*Id.*)

18   On August 15, 2025, Plaintiff Cook notified Defendants of his intent to seek a temporary
19   restraining order and requested Defendants stipulate to postpone the August 20, 2025 foreclosure
20   sale. (*See* Doc. Nos. 1-6 at 1–2; 3 at 3; 3-1 at 1.) Plaintiff Cook asserts that Defendants did not
21   respond to his request. (Doc. No. 3-1 at 1.)

---

[1] Plaintiff Cook appears to be a fiduciary trustee of Plaintiff Evergreen Fiduciary Trust. (*See* Doc. Nos. 1 at 2; 1-4 at 9.) It is unclear whether Plaintiff Cook is bringing this action on behalf of himself, or as fiduciary trustee of Plaintiff Evergreen Fiduciary Trust, or in both capacities. "[A] non-attorney trustee cannot enter an appearance for a trust, both under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California." *Dupont v. Levy*, No. 2:24-cv-02591-DAD-JDP, 2024 WL 4607682, at *4 (E.D. Cal. Oct. 29, 2024) (citations omitted). However, "an individual who is the trust's 'beneficial owner' may appear *pro se* on the trust's behalf." *Id.* (citation omitted). Here, unless Plaintiff Cook pleads that he is Plaintiff Evergreen Fiduciary Trust's "beneficial owner," he cannot enter an appearance to proceed *pro se* on behalf of Plaintiff Evergreen Fiduciary Trust. Rather, Plaintiff Evergreen Fiduciary Trust would need to retain counsel to represent it in this action.

On August 19, 2025, Plaintiffs filed the pending motion for a temporary restraining order. (Doc. No. 3.) Plaintiffs seek to enjoin Defendants from conducting the foreclosure sale of the Property currently set for August 20, 2025 at 9:00 a.m. (Doc. Nos. 3 at 5; 3-1 at 2.)

## LEGAL STANDARD

The purpose of a temporary restraining order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Courts within the Ninth Circuit may also consider a request for a temporary restraining order using a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131–35. "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *All. for the Wild Rockies*, 632 F.3d at 1135). Nevertheless, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

## ANALYSIS

Pursuant to Eastern District of California Local Rule 231(b), "[i]n considering a motion for a temporary restraining order, the [c]ourt will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for

3

seeking last-minute relief by motion for temporary restraining order." L.R. 231(b). If the court finds that there was undue delay in seeking injunctive relief, the court "may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." *Id.*

Here, Plaintiffs filed the pending motion for a temporary restraining order to enjoin the foreclosure sale of the Property on August 19, 2025, one business day before the scheduled foreclosure sale on August 20, 2025 at 9:00 a.m. Plaintiffs contend that there has not been undue delay in bringing their motion because they "acted promptly and [are] seeking [a temporary restraining order] at the earliest opportunity after efforts to resolve the matter [with Defendants] by correspondence and demand were unsuccessful." (Doc. No. 3-1 at 1.) Yet, Plaintiffs acknowledge that they learned over a month ago, on July 14, 2025, that "Defendants did not cancel the scheduled sale." (Doc. No. 1 at 7.) Indeed, Plaintiffs were aware that "the sale would remain posted pending the servicer's investigation" regarding Plaintiff Cook's alleged delivery of a registered negotiable remittance bond in the amount of $581,685.63. (Doc. No. 3-1 at 1.) Plaintiffs do not provide an adequate explanation for why they delayed seeking injunctive relief for over a month.

The court concludes that Plaintiffs' last-minute motion for relief contradicts their allegations that they would suffer irreparable injury if the foreclosure sale is allowed to happen as scheduled. *See Wilkinson v. PHH Mortg. Corp.*, No. 2:24-cv-01416-TLN-AC, 2024 WL 2330542, at *3 (E.D. Cal. May 22, 2024) (denying plaintiffs' application for a temporary restraining order solely based on Local Rule 231(b) because plaintiffs waited until four business days prior to the foreclosure sale despite having ample notice of the sale); *Sewell v. Franklin Credit Mgmt. Corp.*, No. 2:24-cv-1788-TLN-DB, 2024 WL 3203328, at *2 (E.D. Cal. June 27, 2024) (denying plaintiff's application for a temporary restraining order for undue delay under Local Rule 231(b) where plaintiff sought relief a few hours before the foreclosure sale of his property); *Fivefold Props. Dunnegan LLC v. Toorak Cap. Partners LLC*, No. 8:24-cv-00958-SVW-JDE, 2024 WL 3009327, at *2 (C.D. Cal. May 7, 2024) (denying temporary restraining order for "unreasonable delay" where plaintiff waited until two days prior to a foreclosure sale to

seek an injunction). Because of Plaintiffs' undue delay in seeking injunctive relief without adequate explanation, the court will exercise its discretion to deny Plaintiffs' motion for a temporary restraining order. *See* L.R. 231(b).

## CONCLUSION

For the reasons explained above,

1. Plaintiffs' motion for a temporary restraining order (Doc. No. 3) is DENIED; and
2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __August 19, 2025__                    _____
                                                          Dena Coggins
                                                          United States District Judge