UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. COOK, *et al.*, | Case No.  2:25-cv-2361-DC-JDP (PS) |
| Plaintiffs, | |
| v. | ORDER |
| NEWREZ LLC, *et al.*, | |
| Defendants. | |

Plaintiff, proceeding without counsel, filed this action against defendants NewRez LLC, Deutsche Bank National Trust Company, Auction.com, Prestige Default Services, LLC, and Ghidotti Berger LLP.  ECF No. 1.  Plaintiff alleges that these defendants wrongfully foreclosed on his property and, in conjunction with this state law claim, he has appended numerous, conclusory federal law claims.  He has also filed an application to proceed *in forma pauperis*, ECF No. 2, a motion to record *lis pendens*, ECF No. 4, and a request for reasonable accommodation, ECF No. 10.  Defendants NewRez, Prestige Default Services, and Ghidotti Berger have filed a motion to dismiss the complaint.  ECF No. 7.  After screening the complaint, I find that it fails to state a federal claim and does not allege an independent basis for subject matter jurisdiction over his wrongful foreclosure claim.  I will dismiss it with leave to amend.  In so doing, I will deny defendants' motion to dismiss as moot.  They may renew the motion after plaintiff files an amended complaint, if some of his claims survive screening.  As to plaintiff's

1

motions, I will grant him *in forma pauperis* status and deny his others.

**Screening Order**

**I.      Legal Standard**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff alleges that defendants wrongfully foreclosed on his property. ECF No. 1 at 7. In conjunction with this state law claim, plaintiff has listed numerous, undeveloped federal

2

claims, including alleged violations of: the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Real Estate Settlement Procedures Act, the Truth in Lending Act, his due process rights, and federal securities fraud provisions. *Id.* at 4; ECF No. 1-2 at 2. It is unclear whether plaintiff relies solely on federal question for jurisdiction, or both federal question and diversity. In the main complaint, he checks only federal question. ECF No. 1 at 3. However, in attachments to his complaint he lists both. ECF No. 1-1 at 2. As to federal question, his federal claims are woefully underdeveloped, amounting to little more than one or two sentence conclusions. For instance, he claims that defendants violated RICO because they "engaged in a pattern of racketeering activity by use of mail and wire . . . ." ECF No. 1-2 at 2. He does not specify what racketeering activity each defendant engaged in, when he or she engaged in it, or what role each separate defendant played in facilitating the alleged activity. His other federal claims are also legal conclusions and insufficient to give defendants the required notice under Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the complaint fails to state a cognizable federal question on which to base federal jurisdiction.

And, as to his claim that diversity jurisdiction exists, plaintiff has failed to allege the specifics of that diversity. The space provided for identification of party citizenship has been left blank. ECF No. 1 at 4-5.

I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity to remedy these deficiencies. If he decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

**Motion to Dismiss**

In light of the screening dismissal of the complaint, defendants' motion to dismiss, ECF No. 7, is denied as moot. It may, as explained above, be renewed if claims are ultimately screened through on a future complaint. Additionally, plaintiff's motion for reasonable accommodation, ECF No. 10, which seeks additional time to submit court filings is denied as moot. Prior to entry of this order, the only outstanding deadline was plaintiff's filing of an opposition to the motion to dismiss. If he requires additional time to file an amended complaint after this order is entered, he may motion for a specific extension of time.

**Motion to Record Lis Pendens**

Plaintiff's motion to record *lis pendens*, ECF No. 4, is denied. As the operative complaint is being dismissed, I find that plaintiff has, as yet, failed to state "a real property claim" that would authorize him to encumber the property in question. *See* Cal. Civ. Proc. Code § 405.20 ("A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged."); Cal. Civ. Proc. Code § 405.4 ("'[R]eal property claim' means the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public utility.").

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. Plaintiff's motion to record a notice of lis pendens, ECF No. 4, is DENIED.

4

6. Defendants' motion to dismiss, ECF No. 7, is DENIED as moot, and the January 15, 2026 hearing is VACATED.

7. Plaintiff's motion for an extension of time, ECF No. 10, is DENIED as moot.

IT IS SO ORDERED.


Dated:    January 13, 2026                                      
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE